MARY D. DUSENBERRY, RESPONDENT, v. HENRY B. DAW-
SON, IMPLEADED, ETC., APPELLANT.

*Alien — when may devise lands —* § 5, *chap.* 115 *of* 1845.

Under the provisions of section 5 of chap. 115 of 1845, any resident alien of this
State who has purchased and taken a conveyance of real estate within this
State, may grant or devise the same, and his grantee or devisee may take and
hold the same upon complying with the conditions of said section.

Section 5 is not limited by the provisions of section 6 of said act, and such grant
or devise is valid, even though such grantor or devisor may never have filed the
deposition or affirmation required by the said section 6.

*Goodrich* v. *Russell* (42 N. Y., 177) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon
the trial of this action by the court without a jury.

The action was brought for a partition of certain lands, and the
only question disputed upon the trial and passed upon by the Gen-
eral Term, relates to the validity of a devise of certain real estate
made by one Abraham Dawson, deceased, he being an alien resident
of this State at the time of acquiring the land, and of making the
will by which the same was devised to the plaintiff. The plaintiff
insisted that the devise was valid under section 5 of chapter 115 of
1845, and the defendant claims that the devise was void, because
the testator had never filed the deposition or affirmation required
by section 6 of the said act.

*Wm. H. De Lancey,* for the appellant.

*Wm. N. Noble,* for the respondent.

LEARNED, P. J.:

The only question is whether the devise to the plaintiff is void
by reason of the alienage of Abraham Dawson, a resident of this
State.

The express language of section 5 of chapter 115, Laws of 1845,
makes the devise valid, unless this section is to be modified by con-
struing it in connection with sections 1 and 6. The appellant

claims that section 6, which gives power to a resident alien, after filing the required deposition, to grant and devise, is to be construed so as to limit section 5, and that therefore the rights given by section 5 cannot be enjoyed, unless the resident alien has filed the proper deposition.

The contrary, however, was decided in *Goodrich* v. *Russell* (42 N. Y., 177), in respect to section 4. Section 4 is analogous to section 5. The former provides for cases of descent; the latter for cases of grant and devise. The construction given by the highest court of the State to the one section, should, with us, apply also to the other.

It is true that the object of section 6 is not clear. But both sections 4 and 5 omit the requirement of filing a deposition by the testator, grantor or intestate, in order that the devisee, grantee or *quasi* heir may hold the property. And we see no reason to suppose that the legislature intended to make it necessary.

The judgment should be affirmed with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.